UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK GARCIA, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No.  SA-10-CV-1015-XR |
| CHASE HOME FINANCE, LLC, | § § § | |
| *Defendant*. | § § § | |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement (Docket Entry No. 3).  For the following reasons, the Court GRANTS the motion for a more definite statement, and DENIES the motion to dismiss.

**Background**

Defendant Chase Home Finance holds a mortgage note on Plaintiff Garcia's home at 22215 Park Cove, San Antonio, Texas, 78258.  Defendant noticed foreclosure of the property at an auction set to occur on December 7, 2010.

On December 7, 2010, Plaintiff filed an Application for a Temporary Restraining Order and Temporary Injunction in the 407th Judicial District Court for Bexar County, Texas.[1]  The application sought a "complete accounting of sums paid and a reasonable opportunity to satisfy or reinstate

---

[1] Pl.'s Application for Temporary Restraining Order and Temporary Injunction, Dec. 7, 2010 (Case No. 2010CI-20161) (Ex. 2 to Docket Entry No. 1).

Plaintiff's mortgage note"[2] and "to restrain Defendant from selling Plaintiff's homestead at auction on December 7, 2010."[3] Plaintiff asserts that "such sale is unjust under the circumstances of this case in that Defendant has failed to act in good faith; it has noticed acceleration of Plaintiff's indebtedness...having failed to negotiate fairly and justly toward fixing the extent of and curing any default;" and "Defendant is not the original mortgage lienholder...and has not demonstrated that it is the lawful owner or holder of said lien."[6]

Defendant properly removed the case to this Court on December 16, 2010.[7] On December 20, 2010, Defendant filed its motion to dismiss or for a more definite statement.[8] It argues that Plaintiff's has failed to state any specific causes of action upon which relief can be granted, and thus that the complaint should be dismissed for failure to state a claim.[9] Alternatively, it argues that Plaintiff should be ordered to replead before Defendant files a responsive pleading.[10] Plaintiff has not filed a response to the motion.

## Legal Standard and Analysis

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). A claim for relief must contain

---

[2]*Id.* at 2.

[3]*Id.* at 4.

[6]*Id.* at 2.

[7]Notice of Removal, Dec. 16, 2010 (Docket Entry No. 1).

[8]Def.'s Mot. to Dismiss or Motion for More Definite Statement, Dec. 20, 2010 (Docket Entry No. 3).

[9]*Id.* at 3.

[10]*Id.* at 3-4.

(1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought". FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff does not assert any specific causes of action in his complaint. The complaint asserts that the "sale is unjust under the circumstances of this case in that Defendant has failed to act in good faith; it has noticed acceleration of Plaintiff's indebtedness...having failed to negotiate fairly and justly toward fixing the extent of and curing any default;" and "Defendant is not the original mortgage lienholder...and has not demonstrated that it is the lawful owner or holder of said lien." These allegations do not provide enough information regarding the underlying cause of action so as to enable Defendant to respond. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005). Plaintiff's request for an injunction identifies the relief he seeks, but does not state a claim in the absence of an underlying cause of action. Accordingly, even taking all the factual allegations in the complaint as true, the complaint fails to state a "short and plain statement of the claim" showing that Garcia is entitled to relief, and is subject to dismissal. FED. R. CIV. P. 8(a), 12(b)(6).

In lieu of dismissing a case, if the pleading is so vague or ambiguous that the opposing party cannot reasonably prepare a response, the Court may grant a motion for a more definite statement of a pleading to which a responsive pleading is allowed. FED. R. CIV. P. 12(e). In this case, this Court

finds that the Plaintiff is entitled to amend his pleading in order to provide a more definite statement of the cause of action underlying his demand for injunctive relief.

## Conclusion

Defendant's motion for a more definite statement is GRANTED. Plaintiff is directed to file an amended complaint on or before March 31, 2011, specifying the causes of action that he believes entitle him to injunctive relief. If Plaintiff fails to file an amended complaint within by that date, the Court may dismiss the case. *See* FED. R. CIV. P. 12(e).

It is so ORDERED.

SIGNED this 15th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE